UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BROOKFIELD PROPERTY RETAIL HOLDING, LLC, f/k/a BROOKFIELD PROPERTY REIT INC. and TOWN EAST MALL, LLC, f/k/a TOWN EAST MALL PARTNERSHIP,<br><br>  Plaintiffs,<br><br>v.<br><br>DILLARD TEXAS CENTRAL LLC,<br><br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 3:23-CV-1674-B |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant, Dillard Texas Central LLC ("Dillard")'s Motion for Leave to File an Amended Answer (Doc. 28), Plaintiffs Brookfield Property Retail Holding, LLC and Town East Mall, LLC ("Brookfield")'s Motion for Expedited Hearing (Doc. 35) and Brookfield's Motion to Strike Dillard's Affirmative Defenses (Doc. 34). For the following reasons, the Court **DENIES** Dillard's Motion for Leave and **DENIES AS MOOT** Brookfield's Motion for Expedited Hearing and Motion to Strike.

This a property damages case. On July 27, 2023, Dillard removed the case to federal court. Doc. 1, Notice Removal. On August 18, 2023, the Court entered a Scheduling Order, setting the Deadline for Motions to Amend Pleadings as December 11, 2023. Doc. 9, Scheduling Order, 1. On June 3, 2024, the Court modified the Scheduling Order to postpone deadlines as both parties requested. Doc. 18, Am. Scheduling Order. Neither party requested the Court to extend the Deadline to Amend Pleadings, so it remained December 11, 2023. *See* Doc. 17, Proposed Scheduling

Order. On September 12, 2024, over nine months after the Deadline to Amend Pleadings, Dillard filed a Motion for Leave to Amend its Answer, seeking to assert 22 new affirmative defenses. Doc. 29-1, Am. Answer, ¶¶ 31–52. The deadline for dispositive motions and the completion of discovery was only 15 days after Dillard sought leave to amend. Doc. 18, Am. Scheduling Order, 1–2. Brookfield filed its Motion for Summary Judgment on October 4, 2024. Doc. 38, Pl.'s Mot. Summ. J. The trial is scheduled for January 13, 2025. Doc. 18, Am. Scheduling Order, 2. In its Motion to Amend, Dillard argues that it "was an inadvertent mistake" not to postpone the deadline for amended pleadings. Doc. 29, Br. Mot. Leave, 2. Brookfield filed a Motion to Strike Dillard's affirmative defenses in the event the Court grants Dillard leave to amend and a Motion for Expedited Hearing on the pending motions. Doc. 34, Reply; Doc. 35, Mot. Expedited Hearing. The Court considers the motions below.

Once a scheduling order's deadline to amend the pleadings has passed, parties moving to amend their pleadings must satisfy Federal Rule of Civil Procedure 16(b). *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Rule 16(b)(4) requires the moving party to show that "good cause" warrants amending its pleadings. FED. R. CIV. P. 16(b)(4). The Fifth Circuit has interpreted the "good cause" standard to assess four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C.*, 315 F.3d at 536 (internal alterations and quotations omitted). District courts also "more carefully scrutinize a party's attempt to raise new theories . . . by amendment when the opposing party has filed a motion for summary judgment." *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999); *see also Wade v. Cycle Mart, L.P.*, No. A-14-CV-00427-ML, 2015

WL 4404876, at *4 (W.D. Tex. July 17, 2015). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enters., L.L.C.*, 315 F.3d at 536.

The Court finds good cause does not exist to grant leave to amend. First, Dillard fails to provide sufficient explanation for why it moved for leave to amend nine months after the Scheduling Order's deadline and 15 days before the discovery deadline. "To provide sufficient explanation for failure to timely move for leave to amend, the moving party . . . must show that, despite his diligence, he could not have reasonably met the scheduling deadline." *Hammond v. United States*, No. 1:21-CV-00686-DAE, 2023 WL 8113860, at *3 (W.D. Tex. June 6, 2023) (citation omitted). Dillard asserts that "it inadvertently failed to request a continuance of the deadline to amend pleadings" when the parties requested the Court to modify the scheduling order in May 2024. Doc. 29, Br. Mot. Leave, 3; Doc. 17, Proposed Scheduling Order. While this may be true, Dillard has offered no explanation for why it then waited until more than three months after the Court filed an Amended Scheduling Order to request leave to amend its Answer.

Moreover, many of Dillard's proposed affirmative defenses could have been asserted without discovery. Dillard argues that it could not have reasonably met the deadline to amend with regard to its affirmative defenses, "which were not fully realized until after the development of information and evidence through discovery." Doc. 40, Reply, 5. For example, Dillard adds affirmative defenses to define certain terms by Texas law, to limit Brookfield's damages, to seek contribution from third parties, to limit prejudgment interest, and to bar attorney's fees. Doc. 29-1, Am. Answer, ¶¶ 35–37, 38, 41, 42, 46. There is no reason why Dillard could not have sought leave to amend on these

grounds long before the end of discovery. Under these circumstances, the Court concludes that the first factor strongly weighs against granting leave to amend.

Second, the importance of these affirmative defenses weighs in favor of Dillard, but the other three factors outweigh this. "Amendments are considered important when they potentially provide additional grounds for [a party] to recover . . . or directly affect a party's prospects of ultimate recovery." *AFS Logistics, LLC v. Tetria Glob. Logistics*, No. 4:21-CV-01086-O, 2022 WL 3904697, at *2 (N.D. Tex. May 11, 2022) (O'Connor, J.) (citations omitted). Dillard asserts affirmative defenses that directly limit Brookfield's ability to recover damages. Doc. 29-1, Am. Answer, ¶¶ 35–37, 39, 41–42, 46. However, the Court does not find this factor alone is enough given that the other three, especially Dillard's failure to seek leave earlier, strongly weigh against granting leave to amend. *See E.E.O.C. v. Service Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (affirming a district court's determination that the defendant's failure to account for its delay was dispositive, outweighing the other three factors).

Third, allowing Dillard to assert new affirmative defenses after each party moved for summary judgment would prejudice Brookfield. The Fifth Circuit has noted that granting leave to amend after the opposing party has moved for summary judgment could result in the unfair denial of summary judgment because of a new legal theory the opposing party could not have anticipated. *See Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990). Dillard argues that Brookfield would not be prejudiced because "parties' deadlines for expert objections, dispositive motions, [and] discovery completion have not yet expired." Doc. 29, Br. Mot. Leave, 6. But Dillard filed this motion 15 days before the deadline for dispositive motions and discovery completion. Doc.

18, Am. Scheduling Order, 1. And Dillard has since moved for Summary Judgment. Doc. 30, Def.'s Mot. Summ. J.

Brookfield has effectively litigated this case without notice of these 22 affirmative defenses. Allowing Dillard to amend at this stage would force Brookfield to not only exert additional resources to amend its Motion for Summary Judgment, but also to reconsider its entire case strategy. *See Ruiz v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 291 F.R.D. 170, 172 (S.D. Tex. 2013) (finding that a defendant would be prejudiced when a proposed amendment would require the defendant to reconsider its case strategy and denying leave to amend). For example, Brookfield no longer has time to conduct discovery on 22 new affirmative defenses because Dillard filed its Motion to Amend *15 days* before the discovery deadline. Dillard's claim that Brookfield would have additional time for discovery is thus unavailing.

Fourth, this prejudice cannot be cured by a continuance, because allowing Dillard to raise 22 new affirmative defenses would unnecessarily delay trial and increase litigation costs. If the Court granted leave to amend, the Court would need to extend the discovery period and deadline for dispositive motions. Thus, granting leave to amend would almost certainly result in additional, costly motion practice and delay the current trial date. *S&W Enterprises*, 315 F.3d at 537; *see also Ruiz*, 291 F.R.D. at 172. The fourth factor also weighs against granting Dillard leave to amend.

Accordingly, the Court **DENIES** Dillard's Motion for Leave to File Amended Answer (Doc. 28) and **DENIES AS MOOT** Plaintiff's Motion for Expedited Hearing (Doc. 35) and Motion to Strike (Doc. 34).

SO ORDERED.

SIGNED: October 31, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE